CURRY, Acting Regional Director, FOR AND ON BEHALF OF NATIONAL LABOR RELATIONS BOARD v. UNION DE TRABAJADORES DE LA INDUSTRIA, DEL CEMENTO PONCE et al.

Civ. No. 5553.

United States District Court
D. Puerto Rico, San Juan Division.

Oct. 3, 1949.

Samuel Ross, admitted provisionally, Washington, D. C., for petitioner.

Santiago De La Fuente, San Juan, P. R., for respondents.

FERNANDEZ, Acting District Judge.

This case came on to be heard upon the verified petition of Eugene A. Curry, Acting Regional Director of the Fifth Region of the National Labor Relations Board, on behalf of said Board pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 160(j), for an order enjoining and restraining the respondents and each of them from engaging in acts and conduct more specifically set forth hereinafter, and upon the issuance of an Order to Show Cause why an order enjoining said respondents as prayed should not be made, and upon the answer of respondents to the aforementioned petition. A hearing on the Order to Show Cause and the issues raised by the petition and answer was held on September 28, 29 and 30, 1949. All parties were afforded full opportunity to present testimony and to argue on the facts and on the law. The Court has fully considered the verified petition and exhibits attached thereto, the answer of respondents, the testimony adduced at the hearing, the exhibits presented thereat and the arguments of counsel. Upon the entire record and after due consideration the Court makes the following:

### Findings of Fact.

1. Petitioner is the Acting Regional Director of the Fifth Region of the National Labor Relations Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. Respondent Union de Trabajadores de la Industria del Cemento Ponce (herein called the Union) an unincorporated association, at all times material herein has been and is a labor organization within the meaning of Section 2(5) and 10(j) of the Act, 29 U.S.C.A. §§ 152(5), 160(j), with an office at Ponce, Puerto Rico, and at all times material herein has been and is engaged within this judicial district in promoting and protecting the interests of its employee members and in transacting business.

3. Respondent Luis Olmo is and at all times material herein has been president and agent of respondent union within the meaning of Section 2(13) and 10(j) of the Act and engaged within this judicial district in promoting and protecting the interests of employee members of said Union.

4. On or about August 16, 1949, Ponce Cement Corporation, a Puerto Rican corporation (herein called the Company) pursuant to the provisions of the Act, filed charges with the Board alleging that respondents have engaged in and are engaging in unfair labor practices within the meaning of Section 8(b) (3) and 8(d) of the Act, 29 U.S.C.A. § 158(b) (3), (d).

5. The said charges were referred to petitioner as Acting Regional Director of the 5th Region of the Board for investiga-

tion. Petitioner has investigated the aforesaid charges.

6. After such investigation and in accordance with Section 10(b) of the Act, the General Counsel of the Board, on behalf of the Board, by petitioner issued a Complaint on September 19, 1949 charging that respondents and each of them have and are engaged in unfair labor practices within the meaning of Sections 8(b) (3) and 8(d) of the Act and affecting commerce within the meaning of Sections 2(6) and (7) of the Act.

7. That from the facts adduced by the investigation petitioner has reasonable cause to believe that the allegations of said Complaint are true and that respondents and each of them have and are refusing to bargain collectively in good faith with the Company, in violation of Sections 8(b) (3) and 8(d) of the Act and affecting commerce within the meaning of Sections 2(6) and (7) of the Act as follows:

a. The Company, a Puerto Rican corporation with its principal office and plant at Ponce, Puerto Rico, is engaged in the manufacture, sale and distribution of cement. In the operation of said business the Company annually causes substantial amounts of equipment, material and supplies to be purchased, transported and delivered in commerce to its plant in Ponce. The Company annually produces cement valued at approximately $6,000,000, of which approximately 50% is normally sold and delivered to customers outside of Puerto Rico.

b. At all times herein material, respondent Union has been the exclusive representative of the employees of the Company in a unit appropriate for collective bargaining within the meaning of Section 9(a) and (b) of the Act, 29 U.S. C.A. § 159(a, b), consisting of all the permanent employees of the Cement Factory and Industrial branches which the Company has at Magueyes ward of the city of Ponce, Puerto Rico, necessary for the production of cement as its principal product and of secondary products or of the industrial branches, including without limitation the electricians and others in charge of the system and the warehouse employees, the permanent employees who are necessary for stowing, packing, dispatch and delivery of said products, including without limitation the men who load the trucks, chauffeurs and truck helpers, the permanent employees necessary for the maintenance, repair and cleaning of the factory, quarry equipment, stone crushers, trucks and other equipment, the permanent employees at the limestone quarries, clay deposits, sand deposits, gypsum rock deposits, iron ore deposits, rock quarries to be used in concrete mixture or any other deposits of raw material, the permanent employees necessary for the transportation, storage, guarding, receipt and delivery of the raw material, fuel, repair parts and all class of material and equipment, but excluding executive and administrative employees of the Company, the chauffeurs driving the automobiles of the directors and assigned to the office, office employees, chemists, guards, gatemen, chief electrician, mill foreman, chief of the quarry, packhouse foreman and his assistant, warehouse clerk, chief of the garage, and supervisory employees as defined by the Act.

c. On or about July 22, 1947, respondent Union entered into a collective bargaining agreement with the Company fixing rates of pay, wages, hours of employment and other conditions of employment for the employees of the Company. By its terms the agreement is to remain in full force and effect until December 31, 1949, and thereafter from year to year unless terminated in writing within 30 days prior to its expiration, and thereafter until a new contract is executed.

d. Said agreement further provides as follows:

"23. Refrain from Strikes and Lockout: The Union solemnly promises that during the life of this contract it shall not call strikes, stoppages or slowdown movements, nor shall promote nor approve of any concerted action that in any manner may reduce or limit the production capacity of the factory."

e. On or about November 27, 1948, respondent Union, through respondent Olmo,

its president, reaffirmed the terms of the aforementioned agreement, including its tenure, in a written amendment modifying said agreement in respects not herein material.

f. Notwithstanding the aforesaid agreements, respondents, on or about August 15, 1949, engaged in a strike for the purpose of terminating or compelling a modification of said agreement with respect to wages, hours of work and other terms or conditions of employment prior to the expiration date of said agreement and without serving written notice upon the Company 60 days prior to the strike of the intention to modify or terminate the said agreement, without offering to meet and confer with the Company concerning the modification or termination of the contract, and without notifying thirty days prior to the strike, the Federal and Insular Mediation and Conciliation Services.

g. Respondents orally advised the Company of said strike at about 2:00 A.M. on the day for which it was called, at which time respondents refused to bargain collectively with the Company in respect to their demands for termination or modification of the said existing agreement although requested to do so by the Company.

8. Unless enjoined, respondents will repeat and continue their course of conduct described above, and will continue to strike to compel the termination or modification of the existing agreement with the Company without complying with the provisions of Section 8(d) of the Act, and will continue to refuse to bargain collectively in good faith with the Company in respect to said proposed termination or modification of the existing agreement, thereby causing substantial and irreparable damage to the Company, serious curtailment of operations in the construction, trucking and other industries in Puerto Rico, and to the flow of building supplies and other materials in commerce, and will continue to cause increasing unemployment in said industries and will cause substantial and irreparable injury to the public interest and to the policies of the Act.

## Conclusions of Law.

1. Respondent Union, an unincorporated association, is a labor organization within the meaning of Sections 2(5) and 10(j) of the Act.

2. Respondent Luis Olmo at all times material herein has been and is an agent of respondent Union within the meaning of Sections 2(13) and 10(j) of the Act.

3. The Company is engaged in a business affecting commerce within the meaning of Sections 2(6) and (7) of the Act.

4. This Court has jurisdiction of the proceedings and of respondents to enter an order enjoining and restraining them from engaging in acts and conduct more specifically hereinafter set forth.

5. That there is reasonable cause to believe that by the acts and conduct hereinbefore set forth in the findings of fact, respondents have engaged in violations of Sections 8(b) (3) and 8(d) of the Act.

6. It may be fairly anticipated that unless enjoined respondents will repeat and continue their course of conduct described above and will continue to strike to compel the termination or modification of the existing agreement with the Company without complying with the provisions of Section 8(d) of the Act, and will continue to refuse to bargain collectively in good faith with the Company in respect to said proposed termination or modification of the existing agreement thereby causing substantial and irreparable damage to the Company, serious curtailment of the operation of the construction, trucking and other industries in Puerto Rico and to the flow of building supplies and other materials in commerce, and will continue to cause increasing unemployment in said industries and will cause irreparable injury to the public interest and to the policies of the Act.

7. To avoid such result it is essential and appropriate, just and proper, for the protection of the public interest and for the purpose of effectuating the policies of the Act and in accordance with Section

10(j) of the Act, that, pending final adjudication of the Board with respect to these matters, respondents and each of them and their agents, servants, employees and all persons in active concert or participation with them, be enjoined and restrained from continuing, engaging in, calling, supporting, sanctioning, or approving, or encouraging, ordering or permitting members of respondent Union employed by the Company to engage in any strike, work stoppage or concerted refusal to perform services for the Company, or any similar or related acts or conduct or repetitions thereof, in support or furtherance of demands for a modification or termination of an existing collective bargaining agreement between respondent Union and the Company, unless such is in accordance with the provisions of Section 8(d) of the Act.